**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL HUGGINS, JR.,

     Plaintiff - Appellant,

vs.

ARISTEDES W. SAUARIS, Executive
Derctor (sic) C.D.O.C., CLEVELAND
WATSON, JAMES ROSS, FRANK E.
RUYBALID, MARK MARKINNA,
JIM AKINS, SR., RICHARD E.
HORIAN, H. R. CUPP, RICHARD
PASCNALL, HARRY SCHUMER,
LT. ARAGON and SGT. JONES,

    Defendants - Appellees.

No. 98-1289
(D.C. No. 97-D-1241)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Mr. Huggins, a former inmate appearing pro se, seeks to appeal from the

district court's order dismissing his civil rights complaint pursuant to 42 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

§ 1983. On appeal, he contends that his right of access to the courts was hindered when he was not allowed to keep a scheduled law library appointment and that prison officials retaliated against him with disciplinary charges after he filed a grievance. Mr. Huggins cannot prevail on his claims because, among other problems, he has alleged no facts even suggesting any actual injury from missing his law library appointment, see Lewis v. Casey, 518 U.S. 343, 351 (1996), nor has he alleged any facts that would suggest that but for his protected conduct, the disciplinary actions would not have occurred, see Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). Even construing the pleadings liberally, the record supports dismissal of this action as legally frivolous particularly in light of the lack of allegations of personal participation on behalf of several Defendants, or for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); Perkins v. Kansas Dep't of Corrections, No. 98-3005, 1998 WL 33063, *1 (10th Cir. Jan. 27, 1999). We deny Mr. Huggins' request to proceed on appeal in forma pauperis and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge